**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

GOOD SPORTS, INC.

    Plaintiff,

    vs.

EBL ENTERPRISES, INC.
    and
ASAD AHMED

    Defendants

CASE NO.:

3 0 8 C V 0 0 0 5 0 SRU

DATED: JANUARY 9, 2008

_____/

## COMPLAINT WITH INJUNCTIVE RELIEF AND ORDER OF SEIZURE SOUGHT

Plaintiff GOOD SPORTS, INC. (hereinafter, "Plaintiff" or "GOOD SPORTS"), by and through its undersigned counsel, for its Complaint against defendants EBL Enterprises and Asad Ahmed D/B/A DEALER LEATHER (hereinafter, collectively "Defendants" or "DEALERLEATHER") states the following. Allegations are made on belief and are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

1

## THE PARTIES

1.    Plaintiff GOOD SPORTS is a corporation which is organized and doing business under the laws of the State of Connecticut, with its principal place of business located at 349 Progress Drive, Manchester, Connecticut.

2.    Defendant EBL Enterprises is a business operating under the laws of the State of New Jersey its principal place of business at 489 Getty Ave, Clifton NJ 07011. Defendant sells and distributes embroidered patches and leather clothing over internet in the District of Connecticut and in other locations throughout the United States under the alias Dealer Leather

3.    On information and belief, defendant Asad Ahmed is an individual residing in the State of New Jersey who owns and participates in the management of EBL Enterprises. Mr. Ahmed sells and distributes embroidered patches and leather clothing over internet in the District of Connecticut and in other locations throughout the United States under the alias Dealer Leather and uses the entity EBL Enterprises to accomplish such interstate commerce.

## BACKGROUND

4.    Plaintiff owns all right, title and interest to several hundred Federal Registered Copyrights including  but not limited to: "Eagle Motor Banner" VAu655-244, "Lady Rider" VAu643-276, "Rebel Rider" VAu640-417, "Skull Crossbones" VAu568-588, "3 Skulls & Bones Dilligaf" VAu665-229, "Eagle Banner" VAu640-458, and "Main Street Rider" VAu688-808.

5.    Plaintiff owns all right, title and interest to numerous Federal Registered Trademarks, including but not limited to "Biker Bitch" Reg. No. 282848.

2

6.      Plaintiff manufactures, distributes and sells tee-shirts, bandanas, embroidered patches, jackets, sweatshirts, lighters and other items containing the aforementioned Copyrighted Artwork.

7.      Defendants Ahmed and EBL Enterprises Inc. operate a retail sales company under the name Dealer Leather and sell through the internet website, www.dealerleather.com, a variety of leather clothing, embroidered patches and motorcycle apparel among other items .

## NATURE OF ACTION

8.      This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §101 et seq., and the Lanham Act, 15 U.S.C. §1051 et seq., based on the defendant's misappropriation, copying and creation of derivative works based upon the Copyrighted Artwork .

9. This is an action for trademark infringement and false designation of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 *et seq.*), unfair trade practices under the Connecticut Unfair Trade Practices Act , Conn. Gen. Stat. § 45-110 et seq. , trademark dilution under and unfair competition under the common law of the State of Connecticut, and is based on the Defendant's adoption and use of the plaintiff's established rights in a federal registered trademark.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. 1338(a) (acts of Congress relating to copyrights and trademarks) namely, the Copyright Act of 1976, 17 U.S.C.

3

§101 et seq., 28 U.S.C. 1338(b) (pendent unfair competition claims) and 28 U.S.C. § 1332(a) (diversity of citizenship).

11    Venue is proper in this district pursuant to 28 U.S.C. §1400(a) and 1391(b) and (c), as the Defendants are subject to personal jurisdiction in this district by virtue of their business activities and therefore deemed to reside here for purposes of venue.

## FACTS COMMON TO ALL COUNTS

12.    Plaintiff GOOD SPORTS authored in 2000 and has owned continuously since that time artwork titled "Eagle Motor Banner". "Eagle Motor Banner" artwork is depicted in Exhibit I attached hereto. Good Sports has published "Eagle Motor Banner" in varying derivations using a variety of color schemes however the pre-dominate color scheme associated with the work has been with a spread wing brown eagle holding a motorcycle motor with its claws wrapped in banner which is composed of a US flag.

13.    The "Eagle Motor Banner" artwork is copyrightable subject matter under the laws of the United States. Plaintiff GOOD SPORTS owns Federal Copyright Registration # VAu655-244 dated March 30, 2005 which is attached as Exhibit I hereto.

14.    Plaintiff GOOD SPORTS authored in 2001 and has owned continuously since that time artwork titled "Lady Rider" as illustrated in Exhibit II which is attached hereto. The "Lady Rider" artwork has been published by GOOD SPORTS in varying derivations using a variety of color schemes however the pre-dominate color scheme associated with the work has been a banner containing the words Lady and Rider over a cluster of red roses with green leaves.

4

15.    The "Lady Rider" artwork is copyrightable subject matter under the laws of the United States. Plaintiff GOOD SPORTS owns Federal Copyright Registration # VAu-643-276 dated September 8, 2004 for "Lady Rider" for which a copy of the Federal Registration for is attached as Exhibit II hereto.

16.    Plaintiff GOOD SPORTS authored in 1999 and has owned continuously since that time artwork titled "Rebel Rider" as illustrated in Exhibit III which is attached hereto.  Good Sports has published "Rebel Rider" in varying derivations using a variety of color schemes however the pre-dominate color scheme associated with the work has been a Confederate Flag with an eagle head breaking through the center of the flag.

17.    The "Rebel Rider" artwork is copyrightable subject matter under the laws of the United States. Plaintiff GOOD SPORTS owns Federal Copyright Registration # VAu-640-417 dated September 1, 2004 for "Rebel Rider" for which a copy is attached as Exhibit III hereto.

18.    Plaintiff GOOD SPORTS authored in 1999 and has owned continuously since that time artwork titled "Skull Crossbones" as illustrated in Exhibit IV which is attached hereto. Good Sports has published "Skull Crossbones" in varying derivations using a variety of color schemes however the pre-dominate color scheme associated with the work has been a white skull with two bones crossing under the chin of the skull.

19.    The "Skull Crossbones" artwork is copyrightable subject matter under the laws of the United States. Plaintiff GOOD SPORTS owns Federal Copyright Registration # VAu-568-588 dated October 28, 2002 for  "Skull Crossbones" for which a copy is attached as Exhibit IV hereto.

20.    Plaintiff GOOD SPORTS authored in 2003 and has owned continuously since that time artwork titled "3 Skull & Bones Dilligaf" as illustrated in Exhibit V which is attached hereto.

5

Good Sports has published "3 Skull & Bones Dilligaf" in varying derivations using a variety of color schemes however the pre-dominate color scheme associated with the work has been white skulls with bones crossing under the skulls overlayed on orange flames. The shape of the skulls and the orange flames are distinctive individually and in combination with each other.

21.    The "3 Skull & Bones Dilligaf" artwork is copyrightable subject matter under the laws of the United States. Plaintiff GOOD SPORTS owns Federal Copyright Registration # VAu-665-229 dated March 30, 2005 for "3 Skull & Bones Dilligaf" for which a copy is attached as Exhibit V hereto.

22.    Plaintiff GOOD SPORTS authored in 2001 and has owned continuously since that time artwork titled "Eagle Banner". "Eagle Banner" artwork is depicted in Exhibit VI attached hereto. Good Sports has published "Eagle Banner" in varying derivations using a variety of color schemes however the pre-dominate color scheme associated with the work has been with a spread wing brown eagle with a banner which is composed of a US flag between its wings.

23.    The "Eagle Banner" artwork is copyrightable subject matter under the laws of the United States. Plaintiff GOOD SPORTS owns Federal Copyright Registration # VAu640-458 dated September 1, 2004 which is attached as Exhibit VI hereto.

24.  Plaintiff GOOD SPORTS authored in 2006 and has owned continuously since that time artwork titled "Main Street Rider". "Main Street Rider" artwork is depicted in Exhibit VII attached hereto. Good Sports has published "Main Street Rider" in varying derivations using a variety of color schemes however the pre-dominate color scheme associated with the work has been a flaming motorcycle with a flaming skeleton rider against the backdrop of town street and overhead bike week banner.

25. The "Main Street Rider" artwork is copyrightable subject matter under the laws of the United States. Plaintiff GOOD SPORTS owns Federal Copyright Registration # VAu688-808 dated January 20, 2006 which is attached as Exhibit VII hereto.

26. The "Eagle Motor Banner", "Lady Rider", "Rebel Rider", "Skull Crossbones", "3 Skulls & Bones Dilligaf", "Eagle Banner", and "Main Street Rider" works (hereafter referred to as the "GOODS SPORTS ARTWORK")  are the legally owned works of Good Sports. The designs depicted in the GOOD SPORTS ARTWORK and all the exclusive copyrights including derivative works thereof are entitled to copyright protection.

27.    Plaintiff GOOD SPORTS has manufactured and sold numerous embroidered patches, decals, tee-shirt and other items incorporating individual designs from the GOOD SPORTS ARTWORK beginning in 1999. Good Sports has expended substantial resources in designing, promoting, manufacturing and selling products bearing the GOOD SPORTS ARTWORK. Plaintiff GOOD SPORTS has built a valuable business and demand for its distinctively-styled, quality tee-shirts, decals, embroidered patches and other items bearing the GOOD SPORTS ARTWORK. GOOD SPORTS has become identified in the minds of the public as the provider of products bearing the designs from the GOOD SPORTS ARTWORK.

28. Plaintiff GOOD SPORTS owns the trademark "Biker Bitch" Federal Reg. No. 282848 ("TRADEMARK") and has sold various apparel items bearing the mark.  Plaintiff , in particular, has used the mark in conjunction with shirts, hats  and patches ("TRADEMARKED PRODUCTS").

29.    At some date, at least as early as June 2007, Defendants, operating as Dealer Leather, purchased or caused to be manufactured and offered for sale to the public items bearing the

GOOD SPORTS ARTWORK and/or TRADEMARK . Such Defendants' products are not only substantially similar, but strikingly similar to each design from the GOOD SPORTS ARTWORK.

30. A picture of the DEALERLEATHER product nos. PAT A9 and PAT D 358, which infringe GOOD SPORTS' copyright in "Eagle Motor Banner" VAu665-244 is attached hereto as Exhibit IX. DEALERLEATHER has offered its product in the same color combinations as the aforementioned GOOD SPORTS' work.

31. A picture of the DEALERLEATHER product nos. PAT A53 and PAT D509, which infringe GOOD SPORTS' copyright in "Lady Rider" VAu643-276 is attached hereto as Exhibit X. DEALERLEATHER has offered its product in a manner similar to the aforementioned GOOD SPORTS' work.

32. A picture of the DEALERLEATHER product no. H122, which infringes GOOD SPORTS' copyright in "Lady Rider" VAu643-276 is attached hereto as Exhibit XI. DEALERLEATHER has offered its product in a manner similar to the aforementioned GOOD SPORTS' work.

33. A picture of the DEALERLEATHER product nos. PAT C 211 and PAT D 357, which infringe GOOD SPORTS' copyright in "Rebel Rider" VAu640-417 is attached hereto as Exhibit XII. DEALERLEATHER has offered its product in the same color combinations as the aforementioned GOOD SPORTS' work.

34. A picture of the DEALERLEATHER product no. PAT D303, which infringes GOOD SPORTS' copyright in "Skull Crossbones" VAu568-588 is attached hereto as Exhibit XIII. DEALERLEATHER has offered its product in the same color combinations as the aforementioned GOOD SPORTS' work.

35. A picture of the DEALERLEATHER product nos. PAT D505, D506, D508 & D512 which infringe GOOD SPORTS' copyright in "3 Skulls & Bones Dilligaf" VAu665-229 is attached hereto as Exhibit XIV. DEALERLEATHER has offered its product in the same and different color combinations as the aforementioned GOOD SPORTS' work. DEALERLEATHER has offered products which are unauthorized derivative works of the aforementioned GOOD SPORTS' work.

36. A picture of the DEALERLEATHER product nos. PAT A48, A51, A52 & A56 which infringe GOOD SPORTS' copyright in "3 Skulls & Bones Dilligaf" VAu665-229 is attached hereto as Exhibit XV. DEALERLEATHER has offered its product in the same and different color combinations as the aforementioned GOOD SPORTS' work. DEALERLEATHER has offered products which are unauthorized derivative works of the aforementioned GOOD SPORTS' work.

37. A picture of the DEALERLEATHER product no. H123 which infringes GOOD SPORTS' copyright in "3 Skulls & Bones Dilligaf" VAu665-229 is attached hereto as Exhibit XVI. DEALERLEATHER has offered its product in the same color combinations as the aforementioned GOOD SPORTS' work.

38. A picture of the DEALERLEATHER product no. PAT D378, which infringes GOOD SPORTS' copyright in "Eagle Banner" VAu640-458 is attached hereto as Exhibit XIX. DEALERLEATHER has offered its product in the same color combinations as the aforementioned GOOD SPORTS' work.

39. A picture of the DEALERLEATHER product nos. PAT A46, A49, D502 & D503 which infringe GOOD SPORTS' copyright in "Main Street Rider" VAu668-808 is attached hereto as Exhibit XVIII. DEALERLEATHER has offered products which bear the flaming motorcycle and skeleton in the same color combinations as the aforementioned GOOD SPORTS' work.

DEALERLEATHER has offered products which are unauthorized derivative works of the aforementioned GOOD SPORTS' work.

40. A picture of the DEALERLEATHER product nos. E763 & E773 which infringe GOODSPORTS' trademark rights in "Biker Bitch" Federal Trademark Reg. No. 2828348 are attached hereto as Exhibit XIX.

**COUNT ONE**

**<u>COPYRIGHT INFRINGEMENT</u>**

41.    Paragraphs 1 through 40 are incorporated herein as though set forth in their entirety.

42.    Upon information and belief, Defendant DEALERLEATHER unlawfully and willfully copied or had copied all or part of the GOOD SPORTS ARTWORK in violation of GOOD SPORTS' copyright in both design and color combinations.

43.    With full knowledge of Plaintiff's rights herein, Defendants have infringed and continue to infringe GOOD SPORTS' copyrights by copying the GOOD SPORTS ARTWORK and then selling and distributing products containing said artwork throughout the United States. Such copying was done by Defendants without the consent, approval or license of GOOD SPORTS. Defendants' products contain wholesale copies of GOOD SPORTS' works, all in violation of his copyrights.

44.    The Defendants' products in appearance and color are not only substantially similar, but are strikingly similar to each design of the GOOD SPORTS ARTWORK exuding the same "look and feel" as GOOD SPORTS' copyright.

45.    Defendants' product dilute the market and serve to destroy the distinctiveness of GOOD SPORTS' copyrighted works.

46. GOOD SPORTS has lost substantial revenue from Defendants' unlawful and willful copying of the GOOD SPORTS ARTWORK and therefore GOOD SPORTS' copyrighted material.

47. GOOD SPORTS sale of it own works and derivative works is prejudiced by Defendants' copyright infringement.

48. Defendants' acts as aforesaid violate GOOD SPORTS' exclusive rights under §106 of the Copyright Act of 1976, 17 U.S.C. §106, and constitute infringement of his copyrights. Defendants' past and continuing copying, distribution and sale of the products constitutes a willful and deliberate infringement of GOOD SPORTS' copyrights and is causing irreparable harm and damage to Plaintiff.

## COUNT TWO

### **TRADEMARK INFRINGEMENT**

49. Paragraphs 1 through 48 are incorporated herein as though set forth in their entirety.

50. Continuously since on or about August 2001, Plaintiff has used its TRADEMARK in connection with and to identify the TRADEMARKED PRODUCTS and to distinguish said products from similar products offered by other companies, by, and without limitation, prominently displaying said mark on the TRADEMARKED PRODUCTS and advertising and promotional materials distributed throughout the United States.

51. Defendants have infringed Plaintiff's mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising products bearing the TRADEMARK of a type virtually identical to the type of products offered by

Plaintiff, and the operation of a Internet Web site, prominently displaying, advertising, and promoting products bearing under the TRADEMARK.

52. Defendants' use of the TRADEMARK in connection with its products is without the permission or authority of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive.

53. Defendants' use of the TRADEMARK in connection with its products has been made notwithstanding Plaintiff's well-known and prior established rights in the TRADEMARK and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072.

54. Upon information and belief, Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its TRADEMARK. Plaintiff has no adequate remedy at law.

## COUNT THREE

## UNFAIR COMPETITON

55.    Plaintiff, GOOD SPORTS, repeats and re-alleges paragraphs 1 through 54 and each paragraph is incorporated herein as though set forth in their entirety.

56.    This action for unfair competition is a substantial and related claim to Defendants' infringement of GOOD SPORTS' copyrights and pursuant to § 1338(b) of Title 28 of the United States Code, the court has and should assume pendent jurisdiction of this claim.

57.    Defendants, in unlawfully and willfully copying the GOOD SPORTS ARTWORK and placing the designs of the GOOD SPORTS ARTWORK on the Defendants'

12

products, create a likelihood of confusion among the public that the original source of the DEALERLEATHER products is GOOD SPORTS and have contributed to the dilution of the distinctive quality of GOOD SPORTS' work and products in the marketplace.

58.    Defendants, by their unauthorized appropriation and use of GOOD SPORTS' copyrighted works, have and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on GOOD SPORTS' good will and the public's acceptance of GOOD SPORTS' copyrighted works, all to GOOD SPORTS' irreparable damage.

59.    Defendants' conduct resulting in unfair competition will continue unless enjoined by this court.

## COUNT FOUR

## TRADE DRESS

60.    Plaintiff repeats and re-alleges paragraphs 1 through 59 as though fully set forth herein in their entirety.

61.    When designing and manufacturing its tee-shirts, embroidered patches, decals, jackets and other items GOOD SPORTS through the design of its GOOD SPORTS ARTWORK and TRADEMARK has adopted a particular dress, design and combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public.

62.    Defendants have attempted to imitate GOOD SPORTS' particular design, dress and combination of features, as they pertain to the graphics on the helmets it sells, in such a way as to mislead the public.

13

63.    The multiplicity of similarities between each and every design in the GOOD SPORTS ARTWORK and TRADEMARK and those produced and sold by Defendants evidence a conscious intent by Defendants to copy and/or imitate GOOD SPORTS.

64.    Defendants' use of color and combination of colors when copying and/or imitating the GOOD SPORTS ARTWORK evidences a conscious intent of Defendants to imitate and copy GOOD SPORTS.

65.    Defendants' actions are intended and/or operate to confuse the public.

66.    GOOD SPORTS' sale of its own works, derivative works, and expanding the use of its copyrighted artwork on expansion products is prejudiced by Defendants' imitation and copying of the GOOD SPORTS ARTWORK, all to GOOD SPORTS' irreparable damage.

## COUNT FIVE

### FALSE DESIGNATION OF ORIGIN

67. Plaintiff repeats and re-alleges paragraphs 1 through 66 as though fully set forth herein in their entirety.

68. This is a claim for trademark infringement and false designation of origin as to all Defendants arising under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

69. Defendants' use and publication, of unauthorized facsimiles of the TRADEMARK and Trade Dress, as alleged, constitutes actual and/or contributory trademark infringement, false designation of origin, false representation, and false description all to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

70. Upon information and belief, by such wrongful acts, Defendants have and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with the TRADEMARK and Trade Dress, including diversion of customers, lost sales and lost profits. Plaintiff has no adequate remedy at law.

**COUNT SIX**

**<u>FEDERAL TRADEMARK DILUTION</u>**

71. Plaintiff repeats and re-alleges paragraphs 1 through 70 as though fully set forth herein in their entirety.

72. This is a claim for dilution of Plaintiff GOOD SPORTS' trademark by the Defendants arising under the Federal Trademark Dilution Act of 1995, 104 P.L. 98 as codified in Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

73. Upon information and belief, Plaintiff's trademark is a famous mark and had become famous prior to Defendants' first unauthorized use of unauthorized facsimiles, as alleged.

74. Defendants' unauthorized use and unauthorized publication of unauthorized facsimiles of the TRADEMARK is likely to dilute and blur the distinctive quality of Plaintiff GOOD SPORTS' trademark, and to tarnish such trademark.

75. Upon information and belief, Defendants willfully intended to trade on Plaintiff GOOD SPORTS' reputation and/or to cause dilution of GOOD SPORTS' trademark.

15

**COUNT SEVEN**

**UNLAWFUL IMPORTATION**

76. Plaintiff repeats and re-alleges paragraphs 1 through 75 as though fully set forth herein in their entirety.

77. This is a claim as to the Defendants for injunctive relief against importation of merchandise that copies and simulates a registered trademark or copyright arising under Section 42 of the Lanham Act (15 U.S.C. § 1124).

78. Upon information and belief, unless restrained by the Court, the Defendants will continue to cause, contribute to, aid, and/or abet the importation of such products into the United States causing serious irreparable injury and damage to Plaintiff GOOD SPORTS and to the goodwill associated with the TRADEMAK, including diversion of customers, lost sales, and lost profits. GOOD SPORTS has no adequate remedy at law.

WHEREFORE, Plaintiff requests that the Court grant them the following relief:

A. Defendants, individually and jointly, be enjoined during the pendency of this action and permanently thereafter from appropriating and using GOOD SPORTS' copyrighted works;

B. Defendants, individually and jointly, be enjoined during the pendency of this action and permanently thereafter from appropriating and using GOOD SPORTS' TRADEMARK;

C. Defendants, individually and jointly, be enjoined during the pendency of this action and permanently thereafter from selling its infringing products to the public;

D. That the Court order the impoundment and destruction of all products containing materials constituting infringement of the GOOD SPORTS ARTWORK and TRADEMARK and any other GOOD SPORTS' copyrighted works found in the possession of the Defendants;

E. That Defendants, individually and jointly, be required to pay to Plaintiff such actual damages as they have sustained as a result of Defendants' copyright infringement pursuant to 17 U.S.C. §504(b);

F. That Defendants, individually and jointly, be required to account for and disgorge to Plaintiff all gains, profits, and advantages derived by its copyright infringement pursuant to 17 U.S.C. 504(b);

G. That Defendants, individually and jointly, be required to pay Plaintiff statutory damages pursuant to 17 U.S.C. §504(c);

H. That Defendants, individually and jointly, be required to pay Plaintiff an award of statutory damages due to Defendants' willful infringement pursuant to 17 U.S.C. §504(c)(2);

17

I. That Defendants, individually and jointly, be required to account for and disgorge to Plaintiff all gains, profits, and advantages derived by its willful and intentional acts of trademark infringement, false designation of origin and unfair competition together with interest;

J. That Defendants, individually and jointly, be required to pay treble damages and interest pursuant to Sections 35 and 43 of the Lanham Act (15 U.S.C. §§ 1117(c ));

K. That Defendants, individually and jointly, be ordered to pay to Plaintiff the costs of this action along with reasonable attorney fees;

L. That Plaintiff be granted such further relief as the Court deems just.

Respectfully submitted,

MARIO G. CESTE, Esq.
Fed. Bar No. CT24859
Law Offices of Mario G. Ceste
P.O. Box 82
Wallingford, Connecticut 06492
203-678-6418
801-761-3314 (Fax)
Email:mgcpls@usa.net